UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HYLA GREENBERG,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:07cv1198 (PCD) |
| CITY OF NEW HAVEN, ET AL.,<br>    Defendants. | :<br>:<br>: |

## RULING ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

This discrimination suit arises out of Plaintiff Hyla Greenberg's former employment with the City of New Haven. Defendants the City of New Haven ("the City"), Livable City Initiatives ("LCI"), and Andrew Rizzo moved to dismiss Plaintiff's claims for violations of Connecticut General Statute § 46a-58a and § 31-51q; common law causes of action for intentional infliction of emotional distress and negligent supervision; and violation of her First Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff has not filed a memorandum in opposition to Defendants' motion to dismiss. Under Rule 7(a) of the Local Rules of Civil Procedure for the District of Connecticut, a party shall file a memorandum in opposition to a motion to dismiss within twenty-one days unless otherwise ordered by the court. "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." L. R. Civ. P. 7(a).

Upon review of the defendants' motion and the plaintiff's Complaint, the Court grants Defendants' motion absent objection. Plaintiff's claim for violation of the Connecticut Fair Employment Practices Act ("CFEPA") is dismissed for lack of jurisdiction because the Complaint was filed more than 90 days after the release of jurisdiction was received. See Conn. Gen. Stat. § 46a-101(e); Calderon v. Dinan & Dinan PC, No. 3:05cv1341 (JBA), 2006 WL

1646157, at *3 (D. Conn. June 13, 2006). Plaintiff's claims against Defendant Rizzo for violation of Title VII, the CFEPA, and the ADEA are dismissed as there is no individual liability under these statutes. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir. 1995) (no individual liability under Title VII); Lee v. City of Hartford/Hartford Public Schools, 289 F. Supp. 2d 25, 28 (D. Conn. 2003) (applying Tomka to the ADEA); Perodeau v. City of Hartford, 259 Conn. 729, 734-44 (2002) (no individual liability under the CFEPA). Plaintiff's claim for intentional infliction of emotional distress is dismissed as to Rizzo because his alleged conduct was not extreme and outrageous, see Adams v. Hartford Courant, No. 3:03cv0477 (JCH), 2004 WL 1091728, at *4 (D. Conn. May 14, 2004), and is dismissed as to the City and LCI because they are immune from liability for the intentional acts of their employees. Conn. Gen. Stat. § 52-557n(a)(2); Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 194 (D. Conn. 2000). Plaintiff's claim for negligent infliction of emotional distress is dismissed because Plaintiff did not allege that the City knew or reasonably should have known of Rizzo's propensity to engage in the alleged conduct. See Ezold v. Wellpoint, Inc., No. 3:06cv00381 (AWT), 2007 WL 1238725, at *6 (D. Conn. April 28, 2007) (citing Favale v. Roman Catholic Diocese of Bridgeport, 233 F.R.D. 243, 246 (D. Conn. 2005)). Plaintiff's retaliation claims alleging violations of the First Amendment and Connecticut General Statutes § 31-51q are dismissed because the Plaintiff was not allegedly speaking on a matter of public concern. See Drolett v. Demarco, No. 3:05cv1335 (JCH), 2007 WL 1851102, at *4-5, *7 (D. Conn. June 26, 2007); Daley v. Aetna Life & Cas. Co., 249 Conn. 766, 778 (1999) (applying Second Circuit "public concern" analysis to § 31-51q); see also Hoyt v. Andreucci, 433 F.3d 320, 330 (2d Cir. 2006).

Defendants have also moved for a more definite statement, requesting an order separating the causes of action into separate counts and deleting Paragraphs Thirteen through Twenty-Five and Twenty-Seven through Thirty-Six of the Complaint. Because the Court is hereby dismissing five of Plaintiff's nine claims, there is no need to order Plaintiff to clarify his claims or to strike particular allegations from the Complaint. Further, Defendants' request to strike a significant portion of the Complaint is inappropriate at this time because many of these paragraphs appear on their face to relate to Plaintiff's surviving discrimination claims. Accordingly, Defendants' Motion to Dismiss [Doc. No. 10] is **granted absent objection**, and Defendants' Motion for a More Definite Statement [Doc. No. 11] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this  15th  day of November, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court